## 9251

### BELL v. BELL *ET AL.*

#### (87 S. E. 540.)

APPEAL AND ERROR. ARGUMENTS. PRACTICE. ISSUE. NOTICE. EVIDENCE. NEW TRIAL. CHARGE.

1. APPEAL AND ERROR—ARGUMENTS.—Appellant's argument should be confined to issues raised by exceptions.

1*a*. APPEAL AND ERROR—LAW CASE—TIME FOR MAKING—OBJECTIONS.— Where on the first appeal defendant moved to reopen the case on the issue of notice and such motion was not opposed by plaintiff on the ground that it was not in issue, whereupon the matter was

directed to be retried, plaintiff cannot, on a subsequent appeal, contend there was no such issue.

2. PRACTICE—ISSUES.—Where after an issue considered on appeal, it is submitted to a jury by direction of the appellate Court, after trial and rendition of the verdict it is too late to suggest for the first time that the issue was *res judicata,* and not in the case.

3. ISSUES—NEW TRIAL.—Where the testimony makes before a jury a sharp and unmixed issue involving the credibility of witnesses, their verdict is not to be disturbed where they have been guided by correct instructions.

4. NOTICE—EVIDENCE.—Testimony that a party never claimed any interest in lands bears upon the issue whether he gave notice of such claim.

4a. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.—Appellant cannot complain of the admission of evidence which was favorable to him or of the admission of immaterial evidence from which no adverse deduction could be made.

4b. VENDOR AND PURCHASER—BONA FIDE PURCHASER—NOTICE.—Where plaintiff claimed defendant had purchased land with notice, evidence that defendant had made no claim of title is admissible, as indicating that he did not give defendant notice of his equity.

5. NOTICE—RUMORS.—An intending purchaser of lands must take notice of rumors which would attract attention of a reasonable man, but not of idle rumors to which such man would pay no heed.

6. CHARGE—NOTICE—ISSUE.—Notice is a mixed question of fact and law, and where actual notice is the only reasonable conclusion to be drawn from the words alleged to have been used by a party, the only issue for the jury is whether or not he used these words, and charge leaving it to the jury to determine the effect of the words, if used, was error.

6a. VENDOR AND PURCHASER—BONA FIDE PURCHASER—NOTICE.—Where plaintiff, who asserted an equitable interest in land, contended that he told defendant of his interest and warned him he was buying a lawsuit, such information is notice of plaintiff's interest.

6b. VENDOR AND PURCHASER—BONA FIDE PURCHASER—NOTICE—INSTRUCTION.—Where plaintiff asserted that he had notified defendant, who claimed to be a *bona fide* purchaser without notice of his (plaintiff's) interest, an instruction that the question of notice was for the jury, and that, even if plaintiff gave defendant oral notice of his claim as contended, the question whether defendant had notice as would prevent a prudent man from purchasing was for the jury is reversible error.

Before HON. C. J. RAMAGE, special Judge, Columbia, December, 1914.   Reversed.

Action by Richard Bell against Alice Bell and Isaac Lakin. From order on verdict upon issues submitted to jury (99 S. C. 501, 503, 84 S. E. 369), plaintiff appeals. The facts are stated in the opinion.

*Mr. J. B. McLaughlin,* for appellant, submits: *Question of notice to Lakin was res judicata, and order submitting same should be reviewed. This question was not raised by exceptions on first appeal:* 95 S. C. 385; 97 S. C. 278, 291; 98 S. C. 225; 97 S. C. 133; 90 S. C. 232; 95 S. C. 247; 28 S. C. 49.

*Messrs. Elliott & Herbert* and *W. H. Cobb,* for respondents, cite as to charge on notice: 9 Rich. 483; 51 S. C. 357. *Issue as to notice not res judicata:* 83 S. C. 149; 65 S. C. 418; 47 S. C. 203; 17 S. C. 163; 93 S. C. 148; 100 S. C. 483. *Question as to betterments or improvements:* 22 Cyc. 13; 21 S. C. 315; 58 S. C. 544; 47 Pac. 476; 43 N. E. 552; Cheves Eq. 213; 6 Am. St. Rep. 495; 36 Am. St. Rep. 486; 83 N. Y. 575; 30 Wis. 308; 1 Yeates (Pa.) 521; 37 So. 164.

December 31, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This appeal follows upon the heels of 99 S. C. 501, 84 S. E. 369.

The jury trial there directed resulted in favor of the defendant, Lakin, and the plaintiff, Bell, now appeals from the judgment.

There are six exceptions, four of which charge error in the admission of parol testimony, and two of which charge error in the charge of the Court.

But the appellant has devoted to the exceptions but three pages, in a not model argument in style and content, of twenty-four pages.

The burden of the argument is directed to the postulate that the issue of notice to Lakin, directed by us to be submitted to a jury, was concluded by the master's finding that Lakin did have notice, and by a failure of the Circuit Court to consider that issue.

The defendant, Lakin, plead want of notice, and excepted to the master's conclusion that he had notice, and thereby made the issue before the Circuit Court.

The defendant, Lakin, it is true, did not seek to sustain here the decree of the Circuit Judge upon the additional ground that Lakin had no notice of Bell's claim of title.

Nevertheless, this Court did consider the issue of notice to Lakin, and did conclude with the plaintiff and with the master that Lakin had notice.

That question was not argued here by the appellant.

After the judgment of this Court had been filed, the attorneys for Lakin made a formal motion before this Court to reopen the case so far as the issue of notice to Lakin was concerned, and upon the ground that material parts of the defendant's testimony thereabout had been omitted from the case. (See 99 S. C. 501, 84 S. E. 369.)

It so turned out that there had been unintentional but material omissions of testimony, whereupon this Court ordered a rehearing, not here, but before a jury in the Circuit Court.

At the argument of the motion before us, the attorney for Lakin was present, together with additional counsel for Bell, and it was not then suggested even that the issue of notice had been aforetime adjudged by the master, and was, therefore, out of the case. It was assumed on all hands, so we understood, that if this Court had decided the issue of notice on an imperfect record, that the record ought to be corrected, and, of course, a new conclusion made from the new evidence.

It was not until the jury had found against Lakin on the issue of notice that it was suggested to us that there was no such issue in the case.

We are clearly of the opinion that the time, and the only time, to have made that issue of law was when the attorneys for Lakin asked specifically that the issue of notice be retried upon the true testimony which had been developed.

We have examined with care the testimony presented to the jury, and upon which the jury found for the defendant.

There were four chief witnesses. Mr. McLaughlin against Mr. Herbert and Richard Bell against Isaac Lakin. The two first named are members of the Richland bar; the two last named are colored men.

Their testimony makes a sharp and unmixed issue of credibility, upon which we are relieved to have a jury pass; and we would not disturb the verdict had the jury been guided by correct instructions.

Now to the exceptions. Those first four which challenge the admission of testimony refer alone to testimony by Alice Bell.

The answer first excepted to was favorable to Richard Bell; it was therefore not hurtful to him.

The two answers in the testimony next excepted to were irrelevant to the issue of notice; but no inference of the lack of notice was deducible from them, and no other inference hostile to Richard Bell's claim.

The fourth answer excepted to was that of Alice, wherein she said her husband had never claimed any interest in the property to her knowledge. The proximate issue submitted was, did Richard Bell give Lakin notice of his title, and not did Bell claim the property.

If it should be established that Bell never claimed any interest, the inference might be argued that he, therefore, never gave notice of any claim of interest.

In that view the question was barely competent. But the fact that Bell had never made any claim to the land was not relevant to prove that Bell had no equitable title in the land. That question was adjudged before, and in favor of Bell, and it was not before the jury, and it ought not to be mooted.

The last two exceptions refer to the charge of the Court. That part of the charge challenged by the sixth exception is free from error. A person is bound to take notice of these rumors which would attract the attention of the reasonable man; but not of those idle rumors to which a reasonable man would pay no heed. That was the pith of the charge.

The defendant, however, requested the Court to charge this, and the Court charged it: "The question of notice is for you, and you must decide whether or not, *even if Bell spoke to Lakin as he says he did,* whether or not *such conversation* gave Lakin *such notice* of the claim of Bell as would prevent a reasonable, prudent man from purchasing under the circumstances." (The italics are added.)

That instruction went to the heart of the case; it was wrong, and must work a reversal of the judgment.

It is true a jury has large latitude in the determination of what constitutes notice. The jury judges of the credibility of the witness, the accuracy and bias of the witness, the import of the words used, if they be of doubtful import, the time and place and position of speaker and hearer, as affecting the sure passage of the message from one to the other, and all the circumstances surrounding the transaction.

But a jury may not ignore the meaning of plain words and find a verdict against them and according to its whim.

There are signposts along the way to a true verdict which must be heeded.

Bell testified he had three talks with Lakin about the purchase of the property. It is not needful to write all of them; they all agree he thus testified about the first interview: "Q. Tell what you said to Lakin, just what you said. A. I met him out there. I said, 'Lakin, I heard you wanted to buy my place.' He said, 'Yes, I was thinking about it.' I said, 'Don't you know, as long as you have been in Columbia, don't you know it is my property, don't you know it is mine?' He said, 'I think so.' I said, 'Don't you know you ought not to buy, no business to buy; that is my piece of property. Now, if you buy this piece of property, you buy at your own risk. I ask you don't buy it; don't bother it. If you buy it, you buy a law suit.' "

*If Bell so spoke to Lakin,* and for the present argument that is admitted, the jury was not at liberty to decide whether the words amounted to notice or not. Only one reasonable conclusion may be drawn from the word, and that is they gave Lakin actual notice not to buy. 2 Pom. Eq., sec. 599.

If these words had been written down on paper and served by an officer on Lakin before he bought, that would be an end of the matter; notice would be proven.

It is not altered that the words were spoken. The only issue for the jury was, did Bell speak the words? If he did, then the words speak for themselves.

We are, therefore, of the opinion that there was material error in the charge, highly prejudicial to the plaintiff, and sufficient to work a reversal of the judgment.

It is so ordered; let there be a new trial.

MESSRS. JUSTICES HYDRICK, WATTS and FRASER concur in the opinion of the Court.

MR. JUSTICE GARY, *dissenting.* I dissent on the ground that I do not think the alleged error was prejudicial.